Case 2:01-cr-00015 Document 52 Filed in TXSD on 03/02/17 Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 02, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:01-CR-15 |
| § | (CIVIL ACTION NO. 2:16-CV-158) |
| JEFFREY LOUIS BERMEA § | |

**MEMORANDUM OPINION AND ORDER**

Jeffrey Louis Bermea (Bermea) filed a motion vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 47. Bermea filed a motion to supplement before the government responded. D.E. 48. The government filed a motion to dismiss. D.E. 51. Bermea did not file a reply. For the reasons stated herein, the § 2255 motion is denied and he is denied a certificate of appealability.

**I. JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 2255.

**II. BACKGROUND**

Bermea pleaded guilty to felon in possession of a firearm with enhancement in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1). The Court sentenced him to a minimum statutory sentence of 180 months imprisonment. D.E. 36.

Before sentencing the Probation Department prepared a Presentence Investigation report (PSR) and determined that Bermea qualified for enhancement under the Armed Career Criminal Act (ACCA) based upon three Texas convictions for delivery of a controlled substance. D.E. 29, ¶¶ 20, 24, 25, 26. Bermea's actual criminal history category was IV, but category VI automatically applies to career criminals. Bermea's sentencing guideline range was 180 months imprisonment, the statutory minimum sentence pursuant to § 924(e)(1).

## II.  MOVANT'S CLAIMS

Bermea challenges his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015) He claims *Johnson* invalidated the enhancement of his sentence.

Bermea's second claim is that his counsel provided ineffective assistance at sentencing. Counsel failed to object the increase of criminal history points because two of his convictions were sentenced together and allegedly should have been counted as a single conviction rather than two separate convictions.

In his supplemental filing, Bermea claims relief pursuant to *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). *Hinkle* held that a conviction pursuant to § 481.112(a) of the Texas Health & Safety Code does not qualify as "controlled substance offenses" as defined by § 4B1.2 of the United States Sentencing Guideline Manual based upon the analysis explained in *Mathis*..

## IV.  ANALYSIS

### A.   28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

B.     **Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[1] 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court hold that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Bermea's judgment became final on September 20, 2004, 90 days after the Fifth Circuit affirmed his conviction and the deadline for him to file a petition for writ of certiorari. He was required to file his motion to vacate no later than one year from that date, or on or before September 20, 2005. Bermea's motion was filed no earlier than May 11, 2016, the day on which the certificate of service is dated. Rule 3(d), 2255 Rules. Unless an exception applies to the standard limitations period, Bermea mailed his motion more than twelve years too late.

---

[1] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action,
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### C. Claims Barred by Limitations

#### 1. *Counsel provided ineffective assistance at sentencing*

Bermea's claim that counsel provided ineffective assistance for his failure to object to the PSR is barred by limitations. The facts related to that claim were available at sentencing.

#### 2. *Mathis and Hinkle Claims*

Bermea relies on *Mathis v. United States*, 136 S.Ct. 2243 (2016) and *Hinkle* to extend limitations for his claim that his drug convictions are not proper predicate offenses. Limitations pursuant to subsection 2255(f)(3) is extended when the "if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, the *Mathis* Court explicitly stated that that the categorical approach was resolved "under our precedents." *Id*. at 2251. "*Taylor* set out the essential rule governing ACCA cases more than a quarter century ago." *Id*. As a result, *Mathis* did not set out a new rule, only clarified the application of the rule announced in *Taylor*. *Mathis* therefore provides no relief from limitations. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under 28 U.S.C. § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); *see also United States v. Taylor*, 2016 WL 7093905 at *4 (10th Cir. Dec. 6, 2016) (collecting cases that hold *Mathis* did not announce a new rule).

*Hinkle* likewise provides no relief from limitations. The circuit court in *Hinkle* applied *Mathis* on direct appeal. 832 F.3d at 574-577 (vacating sentence on direct appeal because defendant's prior Texas conviction for delivery of heroin did not qualify as a controlled substance offense under the career offender provision). Although Hinkle changed the interpretation of the effect of a particular kind of conviction, it did not write new law and is not a

retroactively applicable Supreme Court decision. For these reasons, Bermea's claim that his delivery convictions are not "serious drug crimes" is barred by limitations.

### D. *Johnson* Claim

Bermea was sentenced as an armed career criminal pursuant to § 924(e)(1) which mandates a minimum sentence of fifteen years imprisonment for those felons in possession of a firearm who have three violent felony convictions or three "serious drug offenses" or some combination of three convictions involving either. *Id*.

Bermea was convicted of three Texas drug related crimes, 1) Delivery of a Controlled Substance, Cause No. 19,642 in 1988 in Brazoria County, 2) Delivery of Marijuana, Cause No. 20,842 in 1990 in Brazoria County, and 3) Delivery of Marijuana Cause No. 20,843 in 1990 in Brazoria County. D.E. 29, ¶¶ 24-26. The *Johnson* court held that the residual clause defining a violent felony in 18 U.S.C. § 924(e) was unconstitutionally vague, but Bermea was not sentenced or enhanced based upon a violent felony. Although *Johnson* is retroactive, it has no application to Bermea's sentence.

### V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Bermea has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c)

requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Bermea cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## VI. CONCLUSION

For the foregoing reasons, the United States' motion to dismiss (D.E. 51) is GRANTED. Bermea's motion (D.E. 47, Cause No. 2:16-CV-158, D.E. 1) is DENIED and he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 2nd day of March, 2017.

_____
Janis Graham Jack
Senior United States District Judge